James & Barbara KELLY, Appellants,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 96–TX–676.

District of Columbia Court of Appeals.

Submitted Jan. 26, 1999.

Decided Jan. 18, 2001.

of December 1992. However, she was in the office on December 11, 1992.

Before WAGNER, Chief Judge, and STEADMAN, Associate Judge, and KERN, Senior Judge.

WAGNER, Chief Judge:

Appellants, James and Barbara Kelly, appeal from orders of the Tax Division of Superior Court denying their motion for summary judgment and granting summary judgment against them in favor of appellee, District of Columbia (District). The trial court held that the District had the statutory authority to impose a tax lien against appellants personally for a sales and use tax debt owed by a corporation for which they were corporate officers. The sole issue raised on appeal is whether the applicable provisions of the tax statute authorize the imposition of a lien against the property of corporate officers personally for unpaid sales and use taxes imposed upon "vendors." We hold that the applicable statutes authorize imposition of such a lien, and therefore affirm.

## I.

Appellants, James and Barbara Kelly, are husband and wife, who were the president and vice-president, respectively, of J & B Computers, Inc. (J & B), a corporation, which sold computers in the retail market until it ceased doing business in 1989. On May 17, 1989, the District filed a Certificate of Delinquent Tax with the Recorder of Deeds, imposing a lien upon J & B "and/or Barbara J. Kelly, Vice President, James J. Kelly, Pres. Personally" for $61,197.84, for the amount of sales and use taxes (including penalties and interest) that J & B failed to pay to the District through May, 1986.[1]

On September 8, 1995, appellants filed a petition in the Tax Division of the Superior Court of the District of Columbia requesting release of the tax lien against them personally on the grounds that D.C.Code § 47–2011(b) did not authorize the District

Alexander J. Crow, Olney, MD, was on the brief, for appellants.

Jo Anne Robinson, Principal Deputy Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, and Sheila Kaplan, Assistant Corporation Counsel, were on the brief, for appellee.

1. The total lien challenged is for the amount of $61,258.41, which included $60.57 in unpaid withholding taxes and $61,197.84 in unpaid sales and use taxes. This appeal challenges the total amount of the lien, but only addresses the sales and use tax portion.

to impose a lien against them personally for sales and use taxes owed by the J & B corporation. The parties filed cross motions for summary judgment. After oral argument, the trial court denied appellants' motion and granted summary judgment in favor of the District. The trial court granted the District's motion essentially on two grounds. The court held that: (1) construing D.C.Code §§ 47–2011(a) and (b) and 47–2001(w) together, the District can impose a lien against the corporate officers personally for unpaid taxes of the corporation; and (2) the District is authorized to file a tax lien under D.C.Code §§ 47–2013, –1706 against persons liable for unpaid taxes under § 47–2011(a).

## II.

■ Appellants do not dispute that the tax was not paid. They argue that D.C.Code § 47–2011 does not authorize the District to impose a lien on them personally because they are not vendors.[2] While they agree that they may be "person[s] liable to pay" pursuant to § 47–2011(a), they contend that they are not vendors upon whom a tax lien may be imposed pursuant to § 47–2011(b), which covers only the vendor selling the property. The District contends that appellants are vendors under § 47–2011(b) because the definition of "vendor" includes "a person or retailer selling property or rendering services...." D.C.Code § 47–2001(w) (1997).

2. D.C.Code § 47–2011 (1997) provides:
   (a) The tax imposed by this chapter and interest and penalties thereon shall become, from the time due and payable, a personal debt of the person liable to pay the same to the District. An action may be brought at any time within 3 years from the time the tax shall be due and payable in the name of the District to recover the amount of any taxes, penalties and interest due under the provisions of this chapter, but such actions shall be utterly barred after the expiration of the aforesaid 3 years. For purposes of this section, the term "person" also includes any officer of a corporation, and any

D.C.Code § 47–2011(b) provides, in relevant part, that "[t]he District shall have a lien upon all the property of any vendor who fails to collect or pay to the Mayor amounts required to be collected under this chapter." D.C.Code § 47–2001(w), in turn, defines "vendor" as "a person or retailer selling property or rendering services upon the receipts from which a tax is imposed under this chapter." Under D.C.Code § 47–2011(a), a "person" is defined to include "any officer of a corporation, and any employee of a corporation responsible for the collection or payment of the tax...."

■ The legislative history of § 47–2011 supports the argument that § 47–2011(b) applies to individuals held liable for corporate taxes under § 47–2011(a). First, § 47–2011(a) was added to the sales tax act as part of the 1982 amendments to the tax code. The amendments were designed to achieve "increased taxpayer compliance." See REPORT OF THE COUNCIL OF THE DISTRICT OF COLUMBIA COMMITTEE ON FINANCE AND REVENUE ON BILL 4–257 "District of Columbia Tax Enforcement Act of 1982" at 1(March 30, 1982). In support of his submission of the amendments, the Mayor stated:

These amendments are necessary in order to achieve greater efficiency in the administration of these laws and have [a] long-term effect on taxpayer compliance. For example, paragraph (6) of

employee of a corporation responsible for the collection or payment of the tax and any member of a partnership or association, responsible for the collection or payment of the tax.
(b) The District shall have a lien upon all the property of any vendor who fails to collect or pay to the Mayor amounts required to be collected under this chapter. The lien shall accrue on the date the amounts were collected or, if the vendor fails to collect, on the date the amounts were required to be collected. This lien shall have the same priority as other District taxes.

Section 201 of Title II of the bill[3] provides for creating a fiduciary—a trust relationship—in connection with the payment of sales taxes collected by the responsible owners or corporate officers of a business. These persons would be made personally responsible for payment of these taxes to the District, thereby aiding the collection process.

Letter of May 29, 1981 to the Honorable Arrington Dixon, Chairman, Council of the District of Columbia. Subsequently, in 1986, D.C.Code § 47–2011(b), which authorized the imposition of liens to collect unpaid sales taxes, was added as part of the Tax Amnesty Act of 1986.[4] The legislative history reflects that § 47–2011(b) was amended to "create a lien in the amount of the taxes, interest and penalties on all property of a *person* who fails to pay the tax." *See* REPORT OF THE COUNCIL OF THE DISTRICT OF COLUMBIA COMMITTEE ON FINANCE AND REVENUE ON BILL 6–398, "Tax Amnesty Act of 1986" at 3 (November 6, 1986) (emphasis added). By adding the authority to impose liens to § 47–2011(b), the Council evidenced its intent to strengthen subsection (a), which made unpaid taxes the personal debt of the corporate officers, by also allowing a lien to be imposed against individuals responsible if the corporation failed to pay the taxes. " '[T]ax laws ought to be given a reasonable construction ... in order to carry out the intention of the legislature....' " *District of Columbia v. Acme Reporting Co.,* 530 A.2d 708, 712 (D.C.1987) (quoting 3A SUTHERLAND, STATUTES AND STATUTORY CONSTRUCTION § 66.02). Here, the intention of assuring compliance with the tax laws by the imposition of personal responsibility upon corporate officers for non-complying corporations was clearly the goal of the amendments to the tax laws, and subsections (a) and (b) serve to further the public interest that the statute intends. Thus, as appellants are officers of J & B, they are also vendors and, accordingly, are subject to the lien imposed by § 47–2011(b).

■ Appellants concede that they can be held personally liable for unpaid sales taxes under D.C.Code § 47–2011(a). This section expressly provides that "[t]he tax imposed by this chapter and interest and penalties thereon *shall* become ... a personal debt of the person liable to pay the same to the District." (Emphasis added.) This subsection permits the District to enforce the debt by filing an action within three years from the time that the tax is due. D.C.Code § 47–2011(a). However, the District is not limited to this enforcement mechanism, which is expressed in permissive terms. Rather, other statutory provisions provide other means for the city to collect on its debt. Liens for unpaid sales and use taxes may be acquired in the same manner that liens for personal property taxes are acquired. D.C.Code § 47–2013 (1997). D.C.Code § 47–2013 provides in pertinent part:

> The taxes imposed by this chapter and penalties and interest thereon may be collected by the Collector in the manner provided by law for the collection of taxes due the District on personal property in force at the time of such collection; *and liens for the taxes imposed by this chapter and penalties thereon may be acquired in the same manner that liens for personal property taxes are acquired.* (Emphasis added.)

Under § 47–1706, a tax lien may be filed to enforce the collection of personal property taxes. Section 47–1706 provides:

> In case of the neglect or refusal of any person to pay a personal property tax within 10 days after notice and demand, the Mayor, or the person designated by him, may file a certificate of such delinquent personal tax with the Recorder of Deeds of the District of Columbia, which

---

**3.** Codified as D.C.Code § 47–2011(a).

**4.** The Tax Amnesty Act of 1986 provided amnesty to delinquent taxpayers who voluntarily paid unpaid taxes within a specified period and increased penalties for unpaid taxes following the amnesty period.

certificate from the date of its filing shall have the force and effect, as against the delinquent person named in such certificate, of the lien created by a judgment granted by the Superior Court of the District of Columbia, which lien shall remain in force and effect until the taxes set forth in said certificate, with interest and penalties thereon, shall be paid and said lien may be enforced by the Superior Court of the District of Columbia.

D.C.Code § 47–1706 (1997). Thus, this section provides for enforcement of unpaid taxes against persons responsible under § 47–2011(a) by filing a certificate of delinquent taxes with the Recorder of Deeds. Under § 47–2011(a), as corporate officers of J & B, appellants were personally liable for the taxes unpaid by the corporation. That being the case, without regard to § 47–2011(b), the District was authorized to file a certificate of delinquent taxes with the Recorder of Deeds, as it did here, pursuant to D.C.Code §§ 47–2013, –1706. Therefore, the trial court properly rejected appellants' claim that the certificate of delinquent tax was void and held correctly that appellants were not entitled to have the lien released and discharged. Accordingly, the District was entitled to judgment as a matter of law.

For the foregoing reasons, the judgment appealed from hereby is

*Affirmed.*